UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISE R. HILEMAN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, and CALIFORNIA DEPARTMENT OF JUSTICE,<br><br>　　　　　　　　　　　Defendants. | Case No.: 25-CV-525 JLS (BLM)<br><br>**ORDER (1) DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING WITHOUT PREJUDICE COMPLAINT**<br><br>(ECF Nos. 1 & 2) |

Presently before the Court are Plaintiff Elise R. Hileman's Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2). Also before the Court are Supplemental Documents filed by Plaintiff, which appear to be intended as support for her Complaint.[1] *See* ECF Nos. 3, 4. Having carefully considered Plaintiff's Complaint, Application, and the applicable law, the

---

[1] Plaintiff's Supplemental Documents (ECF Nos. 3, 4) are difficult to parse but as they reiterate allegations from the Complaint such as those pertaining to a "right to life," for the purposes of this Order, the Court liberally construes them as intended additions to her Complaint. However, Plaintiff is advised for the future that her Complaint must be complete in and of itself and any exhibits must be attached to the documents to which they belong. Any further supplemental documents without reference to which filing they refer, will be stricken.

Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Application and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

### *IN FORMA PAUPERIS* APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405. 28 U.S.C. § 1914(a). In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir.

1960).  "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'"  *Escobedo*, 787 F.3d at 1234.

The Court cannot find that Plaintiff has alleged with sufficient certainty that she would be unable to afford the necessities of life should she be required to pay the requisite filing fee.  Plaintiff indicates she has no income apart from $200 she receives from "gifts," and no assets except a vehicle worth $3,000 in a "NJ towyard [sic]."  IFP Appl. at 1–3.  She then alleges her only expenses are $389 for food, and $18 monthly for "www.geniusencouragement.com," which she describes as "ambition to be happy page."  *Id.* at 4–5.  However, Plaintiff left blank the spaces available to enter how much cash she has or the amount of money she has in any bank accounts or financial institutions.  *Id.* at 3.  And confusingly, Plaintiff lists an employer "Hostel on 3rd" where she has been working "August 2024-present," but represents she receives $0 in gross monthly pay.  *Id.* at 2.

By way of explanation for why she cannot pay the costs of these proceedings, Plaintiff provides that she has a "severe condition caused by abuse, threats to life, and corruption."  *Id.* at 5.  The Court appreciates Plaintiff's allegations of hardship; however, such allegations do not explain the apparent inconsistency in her Application that she is both employed and receives no income apart from $200 in gifts.  Nor does Plaintiff explain how she is able to pay her expenses in excess of her alleged income, and she leaves blank several questions which require a response.

"Without further explanation, '[i]t is not apparent how Plaintiff is obtaining the necessities of life, and in turn whether this source of funds—if it exists—can cover the required filing fee in this action.'"  *Turner v. City of San Diego*, No. 23-CV-29 TWR (NLS), 2023 WL 163492, at *1 (S.D. Cal. Jan. 10, 2023) (quoting *Herta v. Wiblemo*, No. 22-CV-1679-BAS-BGS, 2022 WL 17573923, at *2 (S.D. Cal. Nov. 7, 2022)).  Given the internal inconsistencies presented by Plaintiff's IFP Application and the lack of detail regarding how much cash she has or money she has in financial institutions, the Court finds Plaintiff has not satisfied her burden to show that her financial condition warrants lifting the filing fee requirement.  Accordingly, the Court **DENIES**

Plaintiff's IFP Application. Said denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP application that cures the above-noted deficiencies. If Plaintiff wishes to refile her IFP application, she "should note that the IFP application specifically instructs applicants not to leave any blanks, and to instead response [sic] '0,' 'none,' or 'not applicable (N/A)' as necessary." *Herta*, 2022 WL 17573923, at *2.

## CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Application (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. § 1914(a); and

3. Plaintiff is **GRANTED** an additional <u>thirty (30) days</u> from the date on which this Order is electronically docketed to either (1) pay the entire $405 statutory and administrative filing fee, or (2) file a new IFP application alleging that he is unable to pay the requisite fee. ***Should Plaintiff fail to either pay the filing fee or file a new IFP application, the Court will convert this dismissal of Plaintiff's Complaint into dismissal of this civil action without prejudice***.

**IT IS SO ORDERED.**

Dated: April 1, 2025

Hon. Janis L. Sammartino
United States District Judge